IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MELVIN TORRES-ROLDAN,<br><br>Defendant. | CRIMINAL 99-308 (DRD) |

### MOTION REQUESTING EARLY TERMINATION OF SUPERVISED RELEASE

TO THE HONORABLE DANIEL R. DOMINGUEZ
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

**COMES NOW**, defendant, Melvin Torres-Roldan, represented by the Federal Public Defender for the District of Puerto Rico through the undersigned attorney, and very respectfully state, alleges, and prays as follows:

1.  The defendant Melvin Torres-Roldan (hereinafter "Mr. Torres-Roldan") was charged by way of Indictment returned on September 22, 1999 with several offenses involving conspiracy and narcotics importation. (Docket No. 2.) Mr. Torres-Roldan plead guilty pursuant to a plea agreement on March 3, 2002. (Docket Nos. 287, 288.) His plea of guilty was accepted by this Honorable Court that same date.

2.  Mr. Torres-Roldan was sentenced by this Honorable Court on August 16, 2002, (Docket Nos. 315, 319), to a 78-month term of imprisonment, a 4 year-term of supervised release and a special monetary assessment of $100. (*See* Judgment, Docket No. 319.)

3. On December 24, 2004, Mr. Torres-Roldan was released from custody and commenced to serve his supervised release term. Mr. Torres-Roldan began reporting to the United States Probation Office for the District of Puerto Rico. He specifically reports to United States' Probation Officer Benjamin Bonilla.

4. Mr. Torres-Roldan has completed over two years out of four years of the supervised release term imposed on him by this Honorable Court. Accordingly, and for the reasons set forth below, Mr. Torres-Roldan is seeking that the remainder of his supervised release be terminated.

5. Section 3583(e) of Title 18, United States Code, provides in pertinent part that:

> The court may, after considering the factors set forth in section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--[1]
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the

---

[1] The factors to be considered are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

>       modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;
>
>       ....

18 U.S.C. § 3583(e)(1).

6. Under the above-quoted subsection, a defendant can petition the Court for early termination of his or her supervised release term. The Court in turn must be satisfied that such remedy is warranted both in the interest of justice and after giving due consideration to the factors found in 18 U.S.C. § 3553(a). See United States v. Joseph, 109 F.3d 34, 39 (1st Cir. 1997); see also United States v. Reagan, No. 05-10952, 2006 U.S. App. LEXIS 1250 at *7 (11th Cir. Jan. 17, 2006). Keeping in mind that "congressional policy in providing for a term of supervised release after incarceration is to improve the odds of a successful transition from prison to liberty" Johnson v. United States, 529 U.S. 694, 708-09 (2000), it has been held that District Courts enjoy **broad discretion** in deciding whether or not to terminate a supervised release term. United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998)(emphasis added). Such discretion exists even in the face of mandatory supervised release terms. United States v. Spinelle, 41 F.3d 1056, 160-61 (6th Cir. 1994).

7. In the record of the present case, there is absolutely no report or allegation that Mr. Torres-Roldan has failed in any way to comply with any of the conditions of supervised release imposed on him. On the contrary, it appears that Mr. Torres-Roldan has exemplarily complied. There has been no report of drug use, new criminal conduct or failure to report to his probation officer.

8. In addition, Mr. Torres-Roldan has demonstrated extraordinary rehabilitation both while under custody and under supervision. For instance, while incarcerated serving his

prison term, Mr. Torres-Roldan received numerous merit certificates and certificates of completion of different programs and trainings.

9. Specifically, while incarcerated, Mr. Torres-Roldan took advantage of the many opportunities provided by the Bureau of Prisons in furtherance of his genuine interest to rehabilitate. First, the defendant was baptized by Pastor Loren VanGalder on May 20, 2000. (Exhibit I.) On May 30, 2000, the defendant was congratulated by the Metropolitan Detention Center Chaplains for the many certificates he received for completing Bible Studies through the mail. (Exhibit II.) On July 26, 2000, the defendant was awarded a certificate in recognition to his achievement and contribution to the "Living Free" program offered a MDC Guaynabo. (Exhibit III.) He also completed a Structured Music Program in basic guitar. For that, he was awarded a certificate by the recreation department at MDC. (Exhibit IV.) In the year 2000 the defendant also completed a card-making art course (Exhibit V) and was recognized for his contribution and achievement in the "Life Without a Crutch" program offered by MDC's Psychology Services (Exhibit VI.) The Court is also being provide copies of the certificates received by Mr. Torres-Roldan for his completion of courses in physical fitness (Exhibit VIII); advanced card-making (Exhibit IX), and decoupage (Exhibit X.)

10. Importantly, while incarcerated, Mr. Torres-Roldan took advantage of the several substance abuse treatment programs offered by the BOP. At MDC he completed a 40-hour Drug Abuse Education Course as evidenced by the Certificate of Achievement issued on December 14, 2000. (Exhibit VII.) Moreover, at Englin, Florida, Mr. Torres-Roldan completed the more comprehensive 500-hour residential drug abuse program. (Exhibit XI.) Not only did he complete said program, he was recognized for his overall

outstanding participation in the same, for having being positively involved in all facets of the program, for putting forth a lot of effort into assignments, for showing support for fellow group members and for displaying enthusiasm in his own treatment. (Exhibit XII.) Clearly a remarkable example of a defendant exceeding in the expectations of what a defendant should do in order to achieve his or her own rehabilitation.

11. With respect to his efforts for educating himself while incarcerated an while on supervision, the Court needs to be aware of the fact that Mr. Torres-Roldan obtained his High School Diploma while in prison. (Exhibit XIII.) Once released, Mr. Torres-Roldan enroled at the Universal Technology College of Puerto Rico Aguadilla campus where he completed a course in design and drafting with AutoCad. A certificate was awarded June 22, 2006. (Exhibit XIV.) He was also recognized at the Universal Technology College for his Interpersonal Relations (Exhibit XV), for his Personal Betterment (Exhibit XVI), for his Attendance (Exhibit XVII) and for his Leadership (Exhibit XVIII.)

12. The defendant has also made amends to his life in another equally important area: the religious area. Mr. Torres-Roldan possesses Ministerial Credential as a Chaplain issued by the "Asociacion de Capellania Amen Incorporado, Internacional." (Exhibits XIX and XX.) After having being ordained chaplain, Mr. Torres-Roldan is authorized as a Chaplain Minister to preach the Gospel, visit hospitals and prisons, conduct open air meetings and perform missionary work at the communities. So, as a Chaplain Minister, the defendant also gives of his time to preach the word of God and the Gospel and to help others in different communities and settings. In preparation to be ordained as a Chaplain, the defendant completed numerous Biblical Studies courses during the time he spent in

prison prior to his release and on supervision. (Exhibit XXI.)[2]

13. Furthermore, Mr. Torres-Roldan is gainfully employed and has been so during the time of his supervised release. He is currently employed at Rincon Realty and Engineers, Inc., an engineering and architecture firm. He also has been employed at Taino Paper as an operator and in Bermudez and Longo in construction. The defendant is, therefore, a productive member of our society and has been so since the time he was release to the halfway house.

14. Mr. Torres-Roldan also wants the Court to be aware that he is submitting the name of Pastor Noel Muñiz from the Iglesia Carismatica Cristo Redentor as a reference for this Court to have in case it wanted to consult him as to defendant's involvement in the church. The contact information is available upon request.

15. Given all of the above, it is respectfully submitted that the defendant is an example of the type of individual that has absolutely benefitted from the negative experience of having spent over five years in prison. Mr. Torres-Roldan took advantage of every opportunity given him while serving his sentence and took it upon himself to actively participate in his own rehabilitation. The result, a defendant that re-incorporated to the free community with stronger personal, moral and religious convictions; a defendant that has exemplary complied with all of the conditions of his supervised release; a defendant that is now a productive member of society.

16. Since the policy behind the imposition of supervised release terms is, as explained above, to ease that transition from prison into liberty and to improve the odds of

---

[2]Exhibit XXI is comprised of the numerous certificates of completion of biblical studies completed by Mr. Torres-Roldan (28 in total).

said transition being successful, it is respectfully requested that the Court take into consideration the fact that Mr. Torres-Roldan has served without incident almost the totality of his supervised release term.  He has less than two years to go.  Accordingly, and in view of all of the above, it is respectfully submitted that the Court should, in its discretion and in the interest of justice, discharge Mr. Torres-Roldan from the remainder of his supervised release term.  If there is an individual deserving of such privilege, that is Mr. Torres-Roldan.

**WHEREFORE**, it is respectfully requested that this Honorable Court take notice of the present motion and that the same be granted thus ordering Mr. Torres-Roldan's supervised release term terminated.

**I HEREBY CERTIFY** that on this date I electronically filed the present memorandum with the Clerk of Court using the CM/ECF system which will sent electronic notification of said filing to all parties of record.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico this 31st day of January, 2007.

*S/Hector L. Ramos-Vega*
Hector L. Ramos-Vega
Assistant Federal Public Defender
USDC-PR 222504
241 F.D. Roosevelt Ave.
Hato Rey, P.R. 00918-2441
(787) 281-4922/ Fax (787) 281-4899
E-mail: Hector_Ramos@fd.org