IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MELVIN TORRES-ROLDAN,<br><br>Defendant. | CRIMINAL 99-308 (DRD) |

### MOTION REQUESTING LEAVE TO REPLY AND TENDERING REPLY TO UNITED STATES' PROBATION OFFICER'S RECOMMENDATION

TO THE HONORABLE DANIEL R. DOMINGUEZ
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

**COMES NOW**, defendant, Melvin Torres-Roldan, represented by the Federal Public Defender for the District of Puerto Rico through the undersigned attorney, and very respectfully states, alleges, and prays as follows:

1. The defendant Melvin Torres-Roldan (hereinafter "Mr. Torres-Roldan") was charged by way of Indictment returned on September 22, 1999 with several offenses involving conspiracy and narcotics importation. (Docket No. 2.) Mr. Torres-Roldan plead guilty pursuant to a plea agreement on March 3, 2002. (Docket Nos. 287, 288.) His plea of guilty was accepted by this Honorable Court that same date.

2. Mr. Torres-Roldan was sentenced by this Honorable Court on August 16, 2002, (Docket Nos. 315, 319), to a 78-month term of imprisonment, a 4 year-term of supervised release and a special monetary assessment of $100. (*See* Judgment, Docket No. 319.)

3. On December 24, 2004, Mr. Torres-Roldan was released from custody and commenced to serve his supervised release term. Mr. Torres-Roldan began reporting to the United States Probation Office for the District of Puerto Rico. He specifically reports to United States Probation Officer Benjamin Bonilla.

4. On January 31, 2007, Mr. Torres-Roldan filed a motion requesting early termination of his supervised release term. In it, Mr. Torres-Roldan essentially informed the Court that he has completed over half of the four year term of supervised released imposed by this Honorable Court. (Docket No. 354.) Additionally, Mr. Torres-Roldan submitted documentation and argument tending to show that he has exemplary complied with all of the conditions of his supervised release. Mr. Torres-Roldan is an individual who seriously took it upon himself to procure his own rehabilitation and has succeeded in doing so. (*Id.*)

5. This Honorable Court held in abeyance the ruling on Mr. Torres-Roldan's motion and ordered both the government and the probation officer to state their respective positions. (Docket No. 356.) This Honorable Court gave the parties 10 days to comply. (*Id.*)

6. The government timely complied and expressed no objection to Mr. Torres-Roldan's request. (Docket No. 357.)

7. The probation officer however, in an untimely fashion, filed titled "Motion in Response to Court Order Dated February 1, 2007." (Docket No. 358.) In it, the probation officer confirms what Mr. Torres-Roldan had advanced in his motion for early termination. In fact, the probation officer stated as follows:

> Since the onset of supervision, the offender has been cooperative and has displayed a positive attitude toward the supervision process. He has complied with all Court-imposed conditions. All drug testing conducted to the offender have yielded negative results to illegal drug use. On July 31, 2002, the special monetary assessment was paid in full. On December 6, 2006, the offender provided his DNA as required by law.

(Docket No. 358 at 1.)

8. Notwithstanding the above, the probation officer, making reference to the fact that the defendant was sentenced at the lower end of the applicable guideline range, and citing to an unspecified "Administrative Caseload Policy" of the probation office, recommended denial of Mr. Torres-Roldan's motion for early termination.

9. Mr. Torres-Roldan respectfully request leave to reply to the probation officer's untimely recommendation and that the same be disregarded.

10. First, the probation officer is asking this Honorable Court to give precedence to a "policy" of the probation office rather than a statute properly enacted by Congress through the legislative process. Particularly when the probation officer himself confirms all of the facts that make Mr. Torres-Roldan deserving of early termination.

11. The only other argument advanced by the probation officer is that the defendant should not be granted the remedy requested because he was sentenced at the lower end of the then applicable guidelines. Such an argument is without merit and should not be taken seriously. The statute, 18 U.S.C. § 3583(e), provides this Honorable Court with the guidance as to what factors to consider in determining if early termination is warranted. The factors to be considered are the familiar factors set forth in 18 U.S.C. § 3553(a). Nowhere in the statutory scheme there is an indication that this Honorable Court is

precluded from granting early termination simply because it determined at sentencing that a sentence at the lower end of the guideline range was warranted.

12. Where as here, the defendant has demonstrate exemplary compliance with his conditions of supervised release and extraordinary rehabilitation, the Court should not deny him the privilege of early termination simply because the probation office has a policy that dictates otherwise. Particularly when counsel for the government is on record expressing no opposition to the request.

13. Additionally, Mr. Torres-Roldan respectfully requests the Court to take into account the cost of supervision for a person that is not in need of the same. It is an unreasonable depletion of judicial resources to maintain an individual under the strictures of supervised release when all of the information in the record shows that the same is not needed.

14. Finally, as stated in the original motion for early termination, this Honorable Court must keep in mind that the "**congressional policy** in providing for a term of supervised release after incarceration is to improve the odds of a successful transition from prison to liberty" *Johnson v. United States*, 529 U.S. 694, 708-09 (2000). Certainly, such a policy must be effectuated over any alleged policy of the probation office when it has been amply demonstrated that the defendant indeed completed the transition from prison to liberty successfully.

15. Accordingly, in view of all of the above, it is respectfully requested that the Court grant the present request for leave to reply, that the reply tendered here by considered and that Mr. Torres-Roldan's motion for early termination of supervised release be granted.

**WHEREFORE**, it is respectfully requested that this Honorable Court take notice of the present motion and that the same be granted thus ordering Mr. Torres-Roldan's supervised release term terminated.

**I HEREBY CERTIFY** that on this date I electronically filed the present memorandum with the Clerk of Court using the CM/ECF system which will sent electronic notification of said filing to all parties of record.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico this 20th day of February, 2007.

**JOSEPH C. LAWS, JR.**
**FEDERAL PUBLIC DEFENDER**
**DISTRICT OF PUERTO RICO**

*S/Hector L. Ramos-Vega*
Hector L. Ramos-Vega
Assistant Federal Public Defender
USDC-PR 222504
241 F.D. Roosevelt Ave.
Hato Rey, P.R. 00918-2441
(787) 281-4922/ Fax (787) 281-4899
E-mail: Hector_Ramos@fd.org