IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MELVIN TORRES-ROLDAN,<br><br>Defendant. | CRIMINAL 99-308 (DRD) |

### MOTION FOR SOME DISPOSITION

TO THE HONORABLE DANIEL R. DOMINGUEZ
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

**COMES NOW**, defendant, Melvin Torres-Roldan, represented by the Federal Public Defender for the District of Puerto Rico through the undersigned attorney, and very respectfully states, alleges, and prays as follows:

1. The defendant Melvin Torres-Roldan (hereinafter "Mr. Torres-Roldan") was charged by way of Indictment returned on September 22, 1999 with several offenses involving conspiracy and narcotics importation. (Docket No. 2.) Mr. Torres-Roldan plead guilty pursuant to a plea agreement on March 3, 2002. (Docket Nos. 287, 288.) His plea of guilty was accepted by this Honorable Court that same date.

2. Mr. Torres-Roldan was sentenced by this Honorable Court on August 16, 2002, (Docket Nos. 315, 319), to a 78-month term of imprisonment, a 4 year-term of supervised release and a special monetary assessment of $100. (*See* Judgment, Docket No. 319.)

3. On December 24, 2004, Mr. Torres-Roldan was released from custody and commenced to serve his supervised release term. Mr. Torres-Roldan began reporting to the

United States Probation Office for the District of Puerto Rico. He specifically reports to United States Probation Officer Benjamin Bonilla.

    4. On January 31, 2007, Mr. Torres-Roldan filed a motion requesting early termination of his supervised release term. In it, Mr. Torres-Roldan essentially informed the Court that he has completed over half of the four year term of supervised released imposed by this Honorable Court. (Docket No. 354.) Additionally, Mr. Torres-Roldan submitted documentation and argument tending to show that he has exemplary complied with all of the conditions of his supervised release. Mr. Torres-Roldan is an individual who seriously took it upon himself to procure his own rehabilitation and has succeeded in doing so. (*Id.*)

    5. This Honorable Court held in abeyance the ruling on Mr. Torres-Roldan's motion and ordered both the government and the probation officer to state their respective positions. (Docket No. 356.) This Honorable Court gave the parties 10 days to comply. (*Id.*)

    6. The government timely complied and expressed no objection to Mr. Torres-Roldan's request. (Docket No. 357.)

    7. The probation officer however, in an untimely fashion, filed a document titled "Motion in Response to Court Order Dated February 1, 2007." (Docket No. 358.) In it, the probation officer confirms what Mr. Torres-Roldan had advanced in his motion for early termination. In fact, the probation officer stated as follows:

> Since the onset of supervision, the offender has been cooperative and has displayed a positive attitude toward the supervision process. He has complied with all Court-imposed conditions. All drug testing conducted to the offender have yielded negative results to illegal drug use. On July 31, 2002, the special monetary assessment was paid in full. On December 6, 2006, the offender provided his DNA as required by law.

(Docket No. 358 at 1.)

8. Notwithstanding the above, the probation officer, making reference to the fact that the defendant was sentenced at the lower end of the applicable guideline range, and citing to an unspecified "Administrative Caseload Policy" of the probation office, recommended denial of Mr. Torres-Roldan's motion for early termination.

9. On February 20, 2007, Mr. Torres-Roldan filed a reply to the probations officer's recommendation that his motion for early termination be denied. (Docket No. 359.)

10. The motion for early termination has been pending for close to six months. All parties have submitted their positions. Importantly, the United States has expressed no objection to the request. Mr. Torres-Roldan wishes to have a decision one way or the other. Therefore, it is respectfully requested that to the extent possible, and very respectfully, that a ruling be issued on defendant's motion for early termination of supervised release.

**WHEREFORE**, it is respectfully requested that this Honorable Court take notice of the present motion.

**I HEREBY CERTIFY** that on this date I electronically filed the present memorandum with the Clerk of Court using the CM/ECF system which will sent electronic notification of said filing to all parties of record.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico this 9th day of July, 2007.

**JOSEPH C. LAWS, JR.**
**FEDERAL PUBLIC DEFENDER**
**DISTRICT OF PUERTO RICO**

*S/Hector L. Ramos-Vega*
Hector L. Ramos-Vega
Assistant Federal Public Defender
USDC-PR 222504
241 F.D. Roosevelt Ave.
Hato Rey, P.R. 00918-2441
(787) 281-4922/ Fax (787) 281-4899
E-mail: Hector_Ramos@fd.org