IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MELVIN TORRES-ROLDAN,<br><br>Defendant. | CRIMINAL 99-308 (DRD) |

**MOTION IN COMPLIANCE WITH COURT ORDER**

TO THE HONORABLE DANIEL R. DOMINGUEZ
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

**COMES NOW**, defendant, Melvin Torres-Roldan, represented by the Federal Public Defender for the District of Puerto Rico through the undersigned attorney, and very respectfully states, alleges, and prays as follows:

1. Pending before the Court is the motion for reconsideration filed by Mr. Torres-Roldan on November 9, 2007 and held in abeyance by the Court on January 30, 2008. (Docket Nos. 364, 365.)

2. On January 30, 2008, this Honorable Court issued an order as follows: "The defendant is to discuss the policy approved by the Judicial Conference of the United States, 18 U.S.C. sec. 3583(e)(1) regarding termination of supervised release within the next 10 days." (Docket No. 365.)

3. The undersigned has reviewed the Reports of the Proceedings of the Judicial Conference of the United States at least until March 2007. The report of the proceedings

for September 2007 has not yet been published. In the reports up until March 2007 only the proceedings of March 2003 have a specific policy statement regarding the specific issue of early termination of supervised release.

    4. In March of 2003 the Judicial Conference approved for use as reference The Supervision of Federal Offenders, Monograph 109 with the following statement:

> On recommendation of the Committee on Criminal Law, the Judicial Conference approved revisions to the *Supervision of Federal Offenders,* Monograph 109, for publication and distribution to the courts. The revisions reflect changes in statutes, case law, policies, and population trends, and incorporate "best practice" findings from research and other sources.

(Report of Proceedings Judicial Conference of the United States March 2003 at 11-12.)

    5. Monograph 109, on the other hand, as revised lastly in 2007, provides the following:

> Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible. The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:
>
> 1. stable community reintegration (e.g., residence, family, employment);
>
> 2. progressive strides toward supervision objectives and in compliance with all conditions of supervision;
>
> 3. no aggravated role in the offense of conviction, particularly large drug or fraud offenses;
>
> 4. no history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);

      5. no recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;

      6. no recent evidence of alcohol or drug abuse;

      7. no recent psychiatric episodes;

      8. no identifiable risk to the safety of any identifiable victim; and

      9. no identifiable risk to public safety based on the Risk Prediction Index (RPI).

(*Supervision of Federal Offenders,* Monograph 109, Chapter III at 19-20.)

      6.    Moreover, Monograph 109 directs that "[d]uring the first 18 months of supervision, the appropriateness of early termination should be based on the offender's overall progress in meeting supervision objectives and should include an evaluation of all the circumstances in the individual case." (*Id.* at 20.)

      7.    Finally, and most importantly, the Judicial Conference has adopted a presumption in favor of recommending early termination in the following cases: (1) when the releasee has been under supervision for at least 18 months and (a) is not career violent and/or drug offender (as described in 28 U.S.C. § 994(h)), sex offender, or terrorist, (b) present no identified risk to the public or victims, and (c) is free from any moderate or high severity violations; and (2) the releasee has been under supervision for at least 42 months and (a) is not career violent and/or drug offenders (as described in 28 U.S.C. § 994(h)), sex offender, or terrorist, and (b) is free from any moderate or high severity violations. (*Id.*)

8. As the Court can readily see, and as explained in the original motion for early termination, Mr. Torres-Roldan meets all of the requirements discussed herein.  He has stable residence and employment, has commendably complied with all of his conditions of supervised release, had no aggravating or violent role in the offense, has no history of drug or alcohol use while on supervision, no psychiatric history or recent arrests or convictions.  Finally, it appears that there are no factors pointing to a determination that Mr. Torres-Roldan is a risk to public safety.  Therefore, it appears that the Judicial Conference has created a presumption for releasees like Mr. Torres-Roldan in favor of recommending early termination; presumption that the probation officer in this case failed to follow when it recommended denial of early termination.

9. Since even the Judicial Conference has a policy favoring early termination for Mr. Torres-Roldan under the circumstances of this case, the motion for reconsideration should be granted.

10.  Mr. Torres-Roldan has less than one year to go in his supervision.  He has been in administrative caseload for a while.   The Court should also consider the judicial resources that would be saved by terminating the supervision of Mr. Torres-Roldan.

**WHEREFORE**, it is respectfully requested that this Honorable Court take notice of the present motion and that the same be granted thus ordering Mr. Torres-Roldan's supervised release term terminated.

**I HEREBY CERTIFY** that on this date I electronically filed the present memorandum with the Clerk of Court using the CM/ECF system which will sent electronic notification of said filing to all parties of record.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico this 5th day of February, 2008.

        **JOSEPH C. LAWS, JR.**
        **FEDERAL PUBLIC DEFENDER**
        **DISTRICT OF PUERTO RICO**

        *S/Hector L. Ramos-Vega*
        Hector L. Ramos-Vega
        Assistant Federal Public Defender
        USDC-PR 222504
        241 F.D. Roosevelt Ave.
        Hato Rey, P.R. 00918-2441
        (787) 281-4922/ Fax (787) 281-4899
        E-mail: Hector_Ramos@fd.org